UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOYCE SIMMONS,

           Plaintiff,

    v.

W.Z. JENKINS,

           Defendant.

Case No.  19-cv-04536-VC

**ORDER DENYING PETITION AS TO
DUE PROCESS CLAIM**

 

The Bureau of Prisons (B.O.P.) docked inmate Joyce Simmons seven days of good time credit after she sent an email without prior authorization on behalf of another inmate who was seeking information about a court case. Simmons filed a habeas petition asserting two claims, one of which was that B.O.P.'s decision to punish her violated due process. After ruling in favor of Simmons on the other claim, the Court appointed counsel to represent her on the due process claim and ordered supplemental briefing.

The regulation that Simmons was punished for violating prohibits "use of the mail for abuses other than criminal activity which circumvent mail monitoring procedures." This phrase is quite vague, but the regulation contains examples, including "sending mail for other inmates without authorization." It is clear that Simmons sent the email "for" another inmate. The email stated: "destanee want you to look something up for her if you can" regarding a court case. And it is undisputed that Simmons did not receive authorization to send emails on this inmate's behalf. Thus, Simmons clearly violated the regulation, and it was not unlawful for B.O.P. to punish her for it.

To be sure, the report of the hearing officer used some eyebrow-raising language. The

report repeatedly described Simmons's "prohibited" conduct as "using email to solicit information about other inmates" as well as soliciting information "on other inmates." Soliciting information "about" or "on" other inmates is not the same as sending an email "for" other inmates. If B.O.P. punishes inmates for sending any email without prior authorization that mentions another inmate or seeks information about another inmate, that could be a problem. It would go beyond the language of the regulation, and it could impermissibly interfere with an inmate's speech rights. But elsewhere in the report, the hearing officer described the violation accurately: "Inmate Simmons violated [the regulation] by soliciting information and correspondence on other inmates' behalf." Because that is in fact what Simmons did, and because the regulation clearly prohibited what she did, the language used elsewhere in the report is best understood as an imprecise attempt to describe her conduct, not an attempt to punish her for something that is not barred by the regulation.[1]

Accordingly, the petition is denied, and judgment will be entered consistent with this ruling against Simmons and the prior ruling in her favor.

**IT IS SO ORDERED.**

Dated: January 27, 2021

_____

VINCE CHHABRIA
United States District Judge

---

[1] Since the record indicates that Simmons did not, in fact, request to present Destanee Morgan at the disciplinary proceeding, the officer's refusal to call Morgan as a witness was not a violation of Simmons's right to due process. According the Notice of Discipline Hearing for the violation at issue in this habeas petition—which Simmons herself attached to her petition—Simmons indicated that she did not wish to have witnesses. The Notice that Simmons relies upon to claim that she requested Morgan as a witness involves an independent disciplinary infraction.